**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| AUDREY COLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:12-CV-4783-M-BH |
| ) | |
| BANK OF NEW YORK MELLON et. al, ) | |
| ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this action has been referred for pretrial management. Based on the relevant filings and applicable law, Plaintiff's claim under 42 U.S.C. § 1983 should be **DISMISSED**. Her remaining claims should be permitted to proceed.

**I. BACKGROUND**

On November 21, 2012, Audrey Coleman (Plaintiff) sued Bank of New York Mellon; Bank of America; Mortgage Electronic Registration Systems; Recontrust Company; Gabriel Ozel Pite Deuncan, LLP; Blank Rome, LLP; Prudential Lone Star Realtors; and Pat Watson-Capps, CRS (Defendants) based on the foreclosure of her home and her subsequent eviction. She asserts claims under 42 U.S.C. § 1983, the Fair Debt Collections Practices Act, the Real Estate Settlement Procedure Act, the Truth in Lending Act, the Federal Trade Commission Act, and Section 12.002 of the Texas Civil Practice and Remedies Code as well as claims of unjust enrichment, negligent and fraudulent misrepresentation, negligent supervision, and false, deceptive or misleading representations. (doc. 3 at 15-20). She seeks monetary damages and declaratory relief. *Id*. at 20-1.

**II. PRELIMINARY SCREENING**

Because Plaintiff has been granted permission to proceed *in forma pauperis* (see doc. 7), her complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). That section provides

for *sua sponte* dismissal if the Court finds the complaint "frivolous or malicious" or if it "fails to state a claim upon which relief may be granted." A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

### III. SECTION 1983

Plaintiff seeks monetary damages under 42 U.S.C. § 1983. That section "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) she has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

Plaintiff sues Defendants based on the foreclosure of her home and her eviction. As noted, she must allege that she has been deprived of a right secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state

2

law to state a viable claim for relief in a § 1983 action. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999), *West v. Atkins*, 487 U.S. 42, 48 (1988). "Under color of state law" excludes from its reach purely private conduct, no matter how discriminatory or wrongful. *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). Private action may be deemed state action for purposes of § 1983 only where the challenged conduct "may be fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Plaintiff has alleged no facts to support a claim that the conduct of any of the private companies and law firms involved in the foreclosure and eviction may be attributable to the State. She therefore fails to state a plausible claim under § 1983.

## IV. RECOMMENDATION

Plaintiff's claim under 42 U.S.C. § 1983 should be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2). Her remaining claims should be permitted to proceed.

**SIGNED this 4th day of December, 2012.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                              IRMA CARRILLO RAMIREZ
                                                                              UNITED STATES MAGISTRATE JUDGE