**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| AUDREY COLEMAN, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 3:12-CV-4783-M-BH |
| | § | |
| BANK OF NEW YORK MELLON et. al, | § | |
| | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for pretrial management. Before the Court is the *Plaintiff's Motion to Reconsider*, filed September 10, 2013. (doc. 73.) Based on the relevant findings and applicable law, the motion should be construed as a motion to alter or amend the judgment under Fed. R. Civ. 59(e), and it should be **DENIED.**

**I. BACKGROUND**

On November 21, 2012, Audrey Coleman (Plaintiff) initiated this *pro se* suit against Bank of New York Mellon, as trustee for the Certificateholders of CWABS, Inc., Asset-backed Certificates, Series 2007-6, Bank of America, N.A., Mortgage Electronic Registration Systems, Inc., Recontrust Company, N.A., Gabriel Ozel, Pite Duncan, LLP, Blank Rome Counselors at Law, LLP, Prudential Lone Star Realtors, and Pat Watson-Capps based on the foreclosure of her home and her subsequent eviction. (doc. 3.) In her original complaint, she asserts claims for violations of her civil rights under 42 U.S.C. 42 U.S.C. § 1983, negligent supervision, unjust enrichment, negligent misrepresentation, fraudulent misrepresentation, slander of title, suit to quiet title, and violations of the Fair Debt Collection Practices Act, the Real Estate Settlement Procedure Act, and Section 12.002 of the Texas Civil Practice and Remedies Code. (*Id.* at 15–20.) The complaint also lists claims for wrongful foreclosure and violations of the Truth in Lending Act, the Federal Trade Commission Act,

and the Fair Credit Reporting Act. (*See id.* at 12–14, 19.)

On September 4, 2013, the Court dismissed with prejudice all of Plaintiff's claims against Defendants Gabriel Ozel and Pite Duncan, LLP (Defendants) for failure to state a claim upon which relief can be granted. (*See* doc. 67.) On September 10, 2013, Plaintiff moved for reconsideration of the dismissal.

## II. ANALYSIS

As noted by the Fifth Circuit, the Federal Rules of Civil Procedure "do not recognize a 'motion for reconsideration' *in haec verba.*". *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990), *abrogated on other grounds by Little v. Liquid Air Corp.,* 37 F.3d 1069, 1076 n. 14 (5th Cir.1994). Where a motion for reconsideration challenges a final judgment, it is treated either as a motion to alter or amend the judgment under Rule 59(e), or as a motion seeking relief from judgment under Rule 60(b). *Id.* Here, Plaintiff filed her motion challenging a final judgment within six days of its entry. It is therefore properly construed as arising under Rule 59(e), which provides that a party may move to amend or alter a judgment within 28 days after entry of the judgment.

To prevail on a motion to alter or amend judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion to alter or

amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Plaintiff seeks reconsideration on grounds that "[t]here is legal sufficiency to show Plaintiff is entitled to relief under her complaint." (*See* doc. 73 at 8.) She also states that her complaint against Defendants should not be dismissed with prejudice "unless it appears to a certainty that Plaintiff would be entitled to relief under any state of facts that could be proved in support of her complaint." (*Id.*) She is essentially rehashing evidence, legal theories, or arguments that she raised before the entry of judgment. She fails to identify an intervening change in controlling law, point out the availability of new evidence not previously available, or identify a manifest error of law or fact. She has provided insufficient grounds to justify the extraordinary remedy available in Rule 59(e).

### III. RECOMMENDATION

Plaintiff's motion for reconsideration, which is properly construed as a motion to alter or amend the judgment under Fed. R. Civ. 59(e), should be **DENIED**.

**SO RECOMMENDED this 18th day of June, 2014.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE