IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AUDREY COLEMAN, | § | |
| | § | |
| **Plaintiff,** | § | |
| vs. | § | Civil Action No. 3:12-CV-4783-M-BH |
| | § | |
| BANK OF NEW YORK MELLON et. al, | § | |
| | § | |
| **Defendant.** | § | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this case has been automatically referred for pretrial

management.  Before the Court are *Plaintiff's Motion for Leave to File Second Amended Complaint*,

filed July 30, 2014 (doc. 103), *Defendants' Motion to Dismiss Plaintiff's Amended Complaint

Pursuant to Fed. R. Civ. P. 12(b)(1)*, filed August 13, 2014 (doc. 118), and *Defendants' Motion for

Extension of Time to File Answer*, filed August 14, 2014 (doc. 119).  Based on the relevant filings

and applicable law, the motion for leave is **GRANTED in part and DENIED in part**, the motion

to dismiss should be **DENIED**, and the motion for extension of time is **DENIED as moot**.

## I.  BACKGROUND

This case arises from the foreclosure of real property located at 623 Sotogrande Street, Grand

Prairie, Texas, 75051 (the Property).  (doc. 3 at 3.)[1]  Audrey Coleman (Plaintiff) purchased the

Property on March 2, 2007, with a mortgage loan from Countrywide KB Home Loans, LLC

(Countrywide), Bank of America, N.A.'s (BANA) predecessor.[2]  (doc. 118-2 at 4.)  Plaintiff

---

[1]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers
at the bottom of each filing.

[2]  Given BANA's alleged status as Countrywide's successor by merger, Plaintiff's claims against Countrywide are
considered as if they were asserted against BANA.  *See Enis v. Bank of Am., N.A.*, No. 3:12-CV-0295-D, 2012 WL
4741073, at *1 (N.D. Tex. Oct. 3, 2012) (Fitzwater, C.J.) ("Because BOA is BAC's successor by merger, the court will

executed a promissory note and a deed of trust securing the note in BANA's favor. (docs. 74 at 4–5; 118-2 at 3-26.) On August 5, 2011, Mortgage Electronic Registration Systems, Inc. (MERS) assigned the deed of trust to Bank of New York Mellon, as trustee for the Certificateholders of CWABS, Inc., Asset-backed Certificates, Series 2007-6 (BNYM). (doc. 118-2 at 28.) Melanie D. Cowen, MERS's "assistant secretary," executed the assignment document on MERS's behalf. (*Id.*) Recontrust Company, N.A. (Recontrust) recorded the assignment with the Dallas County Clerk's office a few days later. (*Id.*)

On November 21, 2012, Plaintiff filed this *pro se in forma pauperis* suit against BNYM, BANA, MERS, Recontrust, Gabriel Ozel, Pite Duncan, LLP, Blank Rome Counselors at Law, LLP, Prudential Lone Star Realtors, and Pat Watson-Capps, based on the foreclosure of the Property. (doc. 3 at 1–3, 12–14, 19.) She asserted, in part, a claim against Defendants under 42 U.S.C. § 1983. (*Id*. at 15.) This claim was dismissed with prejudice on January 2, 2013, during the preliminary screening of her *in forma pauperis* suit mandated by 28 U.S.C. § 1915, for lack of state action. (*See* docs. 14, 25.) After service of the lawsuit, on September 4, 2013, Plaintiff's claims against Gabriel Ozel and Pite Duncan, LLP, were dismissed with prejudice for failure to state a claim because she failed to assert any facts to show that they were in any way involved in the foreclosure or her eviction. (docs. 53, 66, 67.)

Plaintiff filed her first amended complaint on September 10, 2013. (doc. 74).) It disputes the assistant secretary's authority to assign the deed of trust. (doc. 74 at 7–8, 11, 14.) It also contends that BANA, BNYM, and Reconstruct failed to respond to her Qualified Written

consider BAC's conduct as if it were BOA's in addressing [the plaintiff's] claims."); *see also* Tex. Bus. Orgs. Code Ann. § 10.008(a) (3), (5) (West 2011) (providing that "all liabilities and obligations" of the merged entity "are allocated to . . . the surviving" entity, and any judicial proceedings pending against the merged entity "may be continued as if the merger did not occur").

Request (QWR), which requested "proof of [] the true owner of her mortgage loan." (*Id.* at 8.) Additionally, she alleges that she unsuccessfully attempted to modify her loan with BANA on several occasions. (*Id.* at 10.) Although she was "told at least three times . . . that she [had been] approved for a loan modification," she claims that Defendants "unlawfully foreclosed" on the Property on September 6, 2011, and subsequently evicted her from it. (*Id.*)

The first amended complaint expressly asserts claims for creation of a fraudulent lien in violation of the Tex. Civ. Prac. & Rem. Code § 12.002(a), fraud, fraudulent misrepresentation, wrongful foreclosure, negligent misrepresentation, negligent supervision, unjust enrichment, suit to quiet title, slander of title, and violations of the Fair Debt Collection Practices Act (FDCPA), the Real Estate Settlement Procedure Act (RESPA), the Federal Trade Commission Act (FTCA), the Truth in Lending Act (TILA) and its implementing regulation, the Texas Deceptive Trade Practices Act (DTPA), and violation of the Privacy Act, 5 U.S.C. § 552(b)(4). (*Id.* at 1, 8–9, 18–31.) Plaintiff's first amended complaint may also be liberally construed as asserting a claim for civil conspiracy. (*See* doc. 74 at 19, 24.) She seeks declaratory relief, compensatory, special, and punitive damages, pre- and post-judgment interest, and court costs. (*Id.* at 32–34.)

On June 19, 2014, it was recommended that the moving defendants' motion to dismiss Plaintiff's claims for unjust enrichment, creation of a fraudulent lien in violation of Tex. Civ. Prac. & Rem. Code § 12.002(a), fraudulent misrepresentation, negligent supervision, quiet title, and violations of FTCA, DTPA, RESPA, and FDCPA be granted, and that the claims be dismissed with prejudice for failure to state a claim. (*See* doc. 94.) It was recommended that the motion be denied as to her claims for fraud, wrongful foreclosure, negligent misrepresentation, slander of title, civil conspiracy, declaratory judgment, violations of TILA and Regulation Z, and violation of the Privacy

Act.  (*See id.*)

On July 30, 2014, Plaintiff filed a motion for leave to file a second amended complaint on the basis that she had discovered new information that was imperative and relevant to the case.  (doc. 103.)  Instead of attaching her proposed second amended complaint to her motion, she separately filed it of record.  (docs. 105-111.)  The second amended complaint sought, in part, to reassert claims that had already been dismissed, and to add new claims.  (*See id.*)  On July 31, 2014, the amended complaint was stricken from the record pursuant to Fed. R. Civ. P. 15(a)(2) because Plaintiff had not shown that the opposing parties consented to the amendment, and she had not yet been granted leave to file it.  (*See* doc. 112.)

On August 4, 2014, the Court accepted the recommendation concerning the motion to dismiss and dismissed Plaintiff's claims for unjust enrichment, creation of a fraudulent lien in violation of Tex. Civ. Prac. & Rem. Code § 12.002(a), fraudulent misrepresentation, negligent supervision, quiet title, and violations of FTCA, DTPA, RESPA, and FDCPA with prejudice for failure to state a claim.  (*See* docs. 94, 116.)  Her claims for fraud, wrongful foreclosure, negligent misrepresentation, slander of title, civil conspiracy, declaratory judgment, violations of TILA and Regulation Z, and violation of the Privacy Act remained pending for trial.  (*See id.*)

On August 13, 2014, Defendants BNYM, BANA, MERS, Countrywide, and Recontrust (the Defendants) filed a second motion to dismiss Plaintiff's remaining claims on grounds that she lacked standing to pursue them based on her prior voluntary Chapter 7 bankruptcy case, filed on May 14, 2012.  (docs. 118, 118-2 at 30-53.)  Plaintiff's schedule A in that case indicated that the Property was the only real property in which she had "any legal, equitable, or future interest[s]."  (*Id*. at 39.)  Her schedule B listed a Wells Fargo checking account, living room and bedroom furniture,

appliances, clothes, earrings, watches, and a 2002 Volvo as her "personal property." (*Id*. at 40-42.)

The schedule B did not disclose any pending or potential claims against Defendants, and Plaintiff

claimed not to have any property in the category of "contingent and unliquidated claims ... [such as]

tax refunds, counterclaims ..., and rights to setoff claims." (*See id.* at 41.)  On August 15, 2012, the

bankruptcy court discharged Plaintiff's debts and closed her case.  (*Id*. at 77-80, doc. 74 at 10.)

Plaintiff did not respond to the motion to dismiss.

## II.     MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

In her motion for leave to file a second amended complaint, Plaintiff contends that she has

discovered new information that is "imperative and extremely relevant" to the case, and she needs

to update her first amended complaint accordingly.  (doc. 103 at 1.)  She claims that her first

amended complaint lacked "certain components and elements which require her to add and drop

counts to dissolve any threat, in part, of it being dismissed with prejudice." (*Id*.)

Rule 15(a) of the Federal Rules of Civil Procedure evinces a bias in favor of amendment and

requires that leave be granted "freely." *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d

1157, 1162 (5th Cir. 1982).  A court's discretion to grant leave is severely limited by the bias of

Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th

Cir. 1981).  Leave to amend should not be denied unless there is a *substantial reason* to do so.

*Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998) (emphasis added) (internal quotation

marks omitted).  There is a substantial reason to deny leave if the proposed amendment would cause

undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if

there have been repeated failures to cure deficiencies with prior amendment, or if the amendment

is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Martin's Herend Imports, Inc. v.*

*Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). Allowing a plaintiff's leave to amend would be futile if such amended complaint "could not survive a Fed. R. Civ. P. 12(b)(6) motion[.]" *Briggs v. Miss.*, 331 F.2d 499, 508 (5th Cir. 2003); *see Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 469 (5th Cir. 2010) (affirming the district court's denial of leave to amend because the plaintiff's failed to state a claim for fraud). In such situations, courts have discretion to deny the plaintiff leave to amend. *See Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 208 (5th Cir. 2009) ("While there is a strong presumption in favor of granting leave to amend, a district court may refuse leave to amend if the complaint as amended would be subject to dismissal.")

Plaintiff's proposed second amended complaint[3] expressly asserts claims against BNYM, BANA, MERS, Recontrust, Gabriel Ozel, Pite Duncan LLP, Blank Rome Counselors at Law, LLP, as well as Does 1-1000, Inclusive[4] for fraud, wrongful foreclosure, violation of the Fair Debt Collections Practices Act (FDCPA), unjust enrichment, slander of title, civil conspiracy, abuse of process, negligence, negligent misrepresentation, breach of contract, violation of the DTPA, trespass to real property, invasion of privacy, assault, and intentional infliction of emotional distress. (*See* doc. 105 at 10-35.) She seeks declaratory relief, compensatory, special, general, and punitive damages, attorney's fees, pre- and post-judgment interest, and court costs. (*Id.* at 37-38.) The proposed second amended complaint may also be liberally construed as asserting claims for violations of TILA and its implementing regulation, securities fraud, creation of a fraudulent lien

---

[3] Although the proposed second amended was stricken from the record because it was improperly filed of record instead of as an attachment to Plaintiff's motion, it is being considered in support of her motion.

[4] Plaintiff does not provide any information regarding the newly-added "Does 1-1000, Inclusive".

in violation of Tex. Civ. Prac. & Rem. Code § 12.002, RESPA, and violation of her civil rights under 42 U.S.C. § 1983.  (*See id.* at 6, 9, 19, 25, 31.)

Plaintiff's claims against Gabriel Ozel and Pite Duncan, LLP, have been dismissed with prejudice.  (*See* docs. 53 at 26, 66.)  Plaintiff's claims for unjust enrichment, creation of a fraudulent lien in violation of  Tex. Civ. Prac. & Rem. Code § 12.002, RESPA, and violation of the FDCPA and the DTPA were also dismissed with prejudice.  (*See* doc. 116.)  Finally, Plaintiff's claim under § 1983 for alleged violations of her civil rights related to her eviction was also dismissed with prejudice.  (*See* doc. 25.)  Accordingly, any amendment of these claims would be futile.  *See Ackerson*, 589 F.3d at 208.

Plaintiff's motion for leave to file a second amended complaint is therefore **GRANTED in part and DENIED in part**.  Plaintiff may file a second amended complaint asserting **ONLY** the claims that have not been previously dismissed in this action, i.e., fraud, civil conspiracy, wrongful foreclosure, slander of title, abuse of process, negligence, negligent misrepresentation, breach of contract, intentional infliction of emotional distress, invasion of privacy, violation of TILA, and securities fraud, against the remaining defendants.  She may not reassert the claims against Gabriel Ozel and Pite Duncan, LLP, that have already been dismissed.  Plaintiff must file her second amended complaint as to these claims by **February 16, 2015.**  The second amended complaint must meet the requirement in Rule 8 that a plaintiff provide "short and plain" statements of her claims showing she is entitled to relief.  *See* Fed. R. Civ. P. 8(a).

### III.  MOTION TO DISMISS

Defendants move to dismiss Plaintiff's first amended complaint based on her successful Chapter 7 bankruptcy case.  (doc. 118 at 6-8.)  Specifically, they argue that she lacks standing to

assert her claims against them in the first amended complaint because her claims became property of her bankruptcy estate, and the bankruptcy trustee became the only party in interest with standing to prosecute the claims.  (*See id.*)

"In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  "The standing doctrine defines and limits the role of the judiciary and is a threshold inquiry to adjudication." *McClure v. Ashcroft*, 335 F.3d 404, 408 (5th Cir. 2003) (citing *Warth*, 422 U.S. at 517–18).  "The inquiry has two components: constitutional limits,[5] based on the case-and-controversy clause in Article III of the Constitution; and prudential limits,[6] crafted by the courts." *Id.* (citing *Raines v. Byrd,* 521 U.S. 811, 820 (1997)).  The principle that a Chapter 7 debtor lacks standing to pursue claims belonging to the bankruptcy estate implicates prudential standing.  *See St. Paul & Marine Ins. Co.*, 579 F.3d at 539, 544;  *In re Minerals Cont'l Inc.*, No. CIV.A. H-12-03099, 2013 WL 1352223, at *2 (S.D. Tex. Apr. 2, 2013).

Defendants move for dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).  "Unlike a dismissal for lack of constitutional standing, which should be granted under Rule 12(b)(1), a dismissal for lack of prudential or statutory standing is properly granted under Rule 12(b)(6)." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795, n.2 (5th Cir. 2011).

---

[5]  "To meet the [Article III] constitutional standing requirement, a plaintiff must show (1) an injury in fact (2) that is fairly traceable to the actions of the defendant and (3) that likely will be redressed by a favorable decision." *St. Paul Fire & Marine Ins. Co. v. Labuzan*, 579 F.3d 533, 539 (5th Cir. 2009) (quoting *Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 560 (5th Cir. 2001)) (alteration in *St. Paul Fire & Marine Ins. Co.*).

[6]  Prudential standing relates to whether: (1) a plaintiff's grievance falls within the zone of interests protected by the statute invoked, (2) the complaint raises a generalized grievance more properly addressed by the legislature, and (3) the plaintiff is asserting his or her own legal rights and interests rather than the legal rights and interests of third parties.  *St. Paul Fire & Marine Ins. Co.*, 579 F.3d at 539; *see also Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004).

However, because Defendants have previously filed a 12(b)(6) motion to dismiss the first amended complaint, they are not entitled to bring another 12(b)(6) motion. Fed. R. Civ. P. 12(g)(2). Their motion to dismiss should therefore be **DENIED**.[7]

### IV.   MOTION FOR EXTENSION OF TIME TO FILE ANSWER

Defendants request that their answer deadline be extended until fourteen days after the Court rules on their Rule 12(b)(1) motion to dismiss, to the extent the motion did not stay their answer deadline. (*See* doc. 119.) Because Plaintiff has until February 16, 2015 to file a second amended complaint, and Rule 15(a) provides Defendants fourteen days to answer, move or otherwise plead in response, Defendants' motion is therefore moot. Accordingly, it is **DENIED as moot**.

### V.   RECOMMENDATION

Defendants' motion to dismiss should be **DENIED**.

**SO RECOMMENDED** on this 2nd day of February, 2015.

*Irma Carrillo Ramirez*

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[7] Even if Defendants' motion is considered, Plaintiff's second amended complaint asserts claims for trespass to real property, assault, and intentional infliction of emotional distress based on her November 12, 2012 eviction. (*See id.* at 31-35.) Plaintiff argues that she suffered damages due to an illegal forcible detainer and writ of possession. (*See id.* at 31, 33-34.) Because the eviction occurred after the discharge of the bankruptcy proceeding, those claims arguably would not become property of the bankruptcy estate.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

10