**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| AUDREY COLEMAN, | § | |
| | § | |
| **Plaintiff,** | § | |
| vs. | § | Civil Action No. 3:12-CV-4783-M-BH |
| | § | |
| BANK OF NEW YORK MELLON et. al, | § | |
| | § | |
| **Defendant.** | § | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case has been automatically referred for pretrial management.  Before the Court are *Plaintiff's Motion for Default Judgment*, filed February 4, 2015 (doc. 158), and *Defendant Blank Rome LLP's Motion to Set Aside Clerk's Entry of Default and to Dismiss for Insufficient Service of Process and Failure to State a Claim*, filed February 13, 2015. (doc. 164.)  Based on the relevant filings and applicable law, the plaintiff's motion for default judgment should be **DENIED**, and the defendant's motions to set aside default and to dismiss should be **GRANTED**.

**I.  BACKGROUND**

This case arises from the foreclosure of real property located at 623 Sotogrande Street, Grand Prairie, Texas 75051 (the Property) and subsequent eviction proceedings. (docs. 3 at 3; 164-1 at 2.)[1] Audrey Coleman (Plaintiff) purchased the Property in March of 2007 with a mortgage loan. (doc. 171 at 4.)  The mortgage lender was later acquired by Bank of America, N.A. (BANA). (*Id*. at 3-5.) On August 18, 2011, Plaintiff sent BANA a Qualified Written Request (QWR). (doc. 171 at 5.)

---

[1]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

BANA retained Black Rome LLP (Defendant)[2] for the limited and "sole" purpose of responding to Plaintiff's letter, and it did respond.[3] (docs. 164-1 at 10; 171 at 6; 171-1 at 28.)

On November 21, 2012, Plaintiff filed this *pro se* suit against Defendant and several other entities. (doc. 3 at 1–3, 12–14, 19.)  Because she was granted leave to proceed *in forma pauperis,* the Court ordered the issuance of summonses for all defendants and service by the United States Marshal (USM) on December 4, 2012. (doc. 11.)  On September 10, 2013, the USM filed a proof of service stating that Defendant had been served via certified mail at an address in Philadelphia, Pennsylvania, on December 10, 2012.  (doc. 68.)  Attached to the return was a copy of the online confirmation from the United States Postal Service that a package had been delivered, but the confirmation did not identify any individual who accepted service on behalf of Defendant.  (*See id.*) Nor did the return include a signature card showing who signed for the package.  (*See id.*) Defendant did not file an answer or otherwise respond to the complaint.

Plaintiff filed her first amended complaint on September 10, 2013. (doc. 74.)  Neither the document nor the docket expressly reflect service on Defendant.  Defendant did not answer or otherwise respond to the first amended complaint.  On February 4, 2015, Plaintiff requested entry of default, the Clerk entered a default, and Plaintiff moved for entry of default judgment. (*See* docs. 157-159.)  On February 13, 2015, Defendant moved to set aside the default and to dismiss the action. (doc. 164.)  On February 24, 2015, Plaintiff filed her second amended complaint; the certificate of

---

[2]  Plaintiff mistakenly identified Black Rome LLP as "Blank Rome Counselors at Law, LLP" in her original complaint and continued to do so until the second amended complaint.

[3]  Defendant's letter states, "This firm represents Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP . . . for the sole purpose of responding to your correspondence . . . wherein you request information regarding the Loan", and it directs Plaintiff to contact BANA (not Defendant) with any further concerns or questions. (doc. 171-1 at 28, 32.)

2

service alleges that it was served on Defendant.[4]  (doc. 171.)  Defendant did not file an answer or otherwise respond to the second amended complaint.

## II.  MOTION TO SET ASIDE DEFAULT

Defendant moves to set aside the Clerk's entry of default under Rule 55(c) on grounds that it was not properly served with process. (doc. 164-1 at 3.)

Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment.  There is a three-step process for obtaining a default judgment.  *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  First, a default occurs when a party "has failed to plead or otherwise defend" against an action.  Fed. R. Civ. P. 55(a).  Next, default must be entered by the clerk when the default is established "by affidavit or otherwise".  *See id.*; *N.Y. Life Ins.*, 84 F.3d at 141.  Third, a party may apply to the clerk or the court for a default judgment after the entry of default.  Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141.

Under Rule 55(c), courts may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c); *Stelax Indus., Ltd. v. Donahue*, No. 3:03–CV–923–M, 2004 WL 733844, at *10 (N.D. Tex. Mar. 25, 2004).  The good cause standard is a liberal one.  *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003).  In deciding whether a defendant has shown good cause to set aside entry of default, courts consider the following factors: (1) whether the failure to respond was willful; (2) whether the plaintiff would suffer prejudice if the default was set aside; and (3) whether the defendant has presented a meritorious defense.  *Id.*; *see also CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992) (holding that the former willful standard should be replaced with "the less subjective excusable neglect standard in the future" when determining

---

[4]  On May 6, 2015, Plaintiff and all remaining defendants other than Defendant filed a stipulation of dismissal with prejudice.  (doc. 207.)

3

whether good cause exists to set aside a default judgment); *iLife Techs., Inc. v. ActiveCare, Inc.*, No. 3:12–CV–5161, 2013 WL 1943322, at *1 (N.D. Tex. May 10, 2013) (Lynn, J.); *see also Stevenson v. Verizon Wireless, LLC*, No. 3:08–CV–0168–G, 2009 WL 188188, at *2 & n.* (N.D. Tex. Jan. 27, 2009) ("Before *CJC Holdings* . . . Fifth Circuit law provided that the court should inquire whether the default was 'willful' . . . . However, in *CJC Holdings*, the Fifth Circuit recommended that in all future cases the district court should apply an 'excusable neglect' standard.") (analyzing good cause under Rule 55(c)).  These factors are nonexclusive, and another factor often considered by courts is whether the party acted promptly to correct the default.  *Effjohn*, 346 F.3d at 563.  "The decision to set aside a default decree lies within the sound discretion of the district court." *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985).

## A.   <u>Willful</u>

"[A] 'willful' inquiry is whether neglect [was] excusable." *Effjohn*, 346 F.3d at 563 (citing *CJC Holdings*, 979 F.2d at 64).  Excusable neglect is an " 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993).  The term extends to "simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at 388.  Excusable neglect has been found to include late filings resulting from "mistake, inadvertence or carelessness . . . ." *Mattress Giant Corp. v. Motor Adver. & Design Inc.*, No. 3:07-CV-1728-D, 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008); *see also UMG Recordings, Inc. v. Landers*, No. 07-1279, 2008 WL 60422, at *2 (W.D. La. Jan. 4, 2008) (excusing defendant's delay in answering the complaint in the absence of evidence that pro se defendant acted intentionally); *In re Waggoner*, No. 05-21523-RLJ-7, 2007 WL 3171740, at *5 (Bankr. N.D. Tex. Oct. 24, 2007) (excusing IRS's delay

4

in answering complaint despite failure to proffer a reason).

"Until the plaintiff serves the defendant, the defendant has no duty to answer the complaint

and the plaintiff cannot obtain a default judgment." *Rogers v. Hartford Life and Acc. Ins. Co.*, 167

F.3d 933, 937 (5th Cir. 1999); *accord Broadcast Music, Inc. v. M.T.S. Enter., Inc.*, 811 F.2d 278,

282 (5th Cir.1987) ("No [defendant] need defend an action nor suffer judgment against [it] unless

[it] has been served with process and properly brought before the court."). Absent proper service

of process, a court lacks personal jurisdiction over the defendant, and any default judgment against

the defendant would be void. *See Rogers*, 167 F.3d at 940 (citing Fed. R. Civ. P. 60(b)(4)). Rule 4(c)

of the Federal Rules of Civil Procedure places the burden on the plaintiff to ensure that defendants

are properly served with summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1).

Rule 4(h) identifies the methods that may be used for serving a corporation, partnership, or

association:

> (h) Serving a Corporation, Partnership, or Association. Unless federal law provides
> otherwise or the defendant's waiver has been filed, a domestic or foreign
> corporation, or a partnership or other unincorporated association that is subject to
> suit under a common name, must be served:
>> (1) in a judicial district of the United States:
>>> (A) in the manner prescribed by Rule 4(e)(1) for serving an
>>> individual; or
>>> (B) by delivering a copy of the summons and of the complaint to an
>>> officer, a managing or general agent, or any other agent authorized by
>>> appointment or by law to receive service of process and--if the agent
>>> is one authorized by statute and the statute so requires--by also
>>> mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1) prescribes service by "following state law for serving a

summons in an action brought in courts of general jurisdiction in the state where the district court

is located or where service is made". Fed. R. Civ. P. 4(e)(1).

Under Texas law, any person authorized by Texas Rule of Civil Procedure 103[5] may serve process by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." Tex. R. Civ. P. 106(a)(2). The return receipt must be signed by the addressee for service to be effective. Tex. R. Civ. P. 107(c); *Ayika v. Sutton*, 378 F. App'x 432, 434 (5th Cir. 2010) (per curiam); *Keeton v. Carrasco*, 53 S.W.3d 13, 19 (Tex. App.—San Antonio 2001, pet. denied). Pennsylvania law does not generally allow service of process by mail within the commonwealth; in those limited circumstances when it is allowed, the proof of service by mail requires a return receipt signed by the defendant. *Vaughn v. TALX Corp.*, No. 14–7110, 2015 WL 3871477, at *2-3 (E.D. Pa. June 23, 2015); *Liggett v. Borough of Brownsville*, No. 14–1086, 2015 WL 2238605, at *4 (E.D. Pa. May 12, 2015).

Here, Defendant alleges that it was not properly served, so its lack of response was not willful. (doc. 164-1 at 3, 5-7.) The USM sent the summons and complaint by certified mail to an address in Pennsylvania that Plaintiff identified as Defendant's business address. (doc. 175 at 2.) Both Texas and Pennsylvania law require a signed return receipt for valid service by mail, but the USM did not provide one. (*See* doc. 68.) Service was therefore insufficient. *See* Fed. R. Civ. P. 4(e)(1); *Ayika*, 378 F. App'x at 434 (finding that the plaintiff's "attempted service was insufficient under Rule 4" because the defendants' "signatures [did] not appear on the return receipts" as required by Tex. R. Civ. P. 107). Although Plaintiff argues that she "had no control, direction or instruction as to 'how' this Defendant was to be served", she was expressly given notice that it was her "responsibility to see that the defendants are timely served in accordance with Fed. R. Civ.

---

[5]   In Texas, process "may be served anywhere by (1) any sheriff or constable or other person authorized by law, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) any person certified under order of the Supreme Court." Tex. R. Civ. P. 103.

4(m)." Fed. R. Civ. P. 4(c)(1); (doc. 11 at 1). Without proper service, Defendant has no obligation to answer or otherwise defend. This falls within the "elastic concept" of the excusable neglect standard.  Accordingly, Defendant's failure to respond was not willful.

## B.    Prejudice

As stated by the Fifth Circuit, "[t]here is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to plaintiff except to require it to prove its case.' " *Lacy v. SitelCorp.*, 227 F.3d 290, 293 (5th Cir. 2000) (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv*., 277 F.2d 919, 921 (5th Cir. 1960)). "[M]ere delay does not alone constitute prejudice." *Id*. "[T]he plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id.* (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (5th Cir. 1990)). Here, Plaintiff has made no such allegations.

## C.    Meritorious Defense

To show a meritorious defense, Defendant "need not prove that it will likely succeed on the merits." *iLife Techs*., 2013 WL 1943322, at *2 (quoting *Owens–Illinois, Inc. v. T & N Ltd.*, 191 F.R.D. 522, 526 (E.D. Tex. 2000)).  Rather, "[a] defendant's allegations are meritorious if they contain 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense." *J&J Sports Prods., Inc. v. Moso Ventures, Inc*., No. 3:11–CV–1767–N(BF), 2012 WL 3846536, at *2 (N.D. Tex. Aug. 10, 2012), *adopted by* 2012 WL 3846514  (N.D. Tex. Sept. 5, 2012) (citation omitted).  The *Moso Ventures* court found that  "[t]he standard for showing a meritorious defense is not stringent because the likelihood of success is not the measure for the 'absence of meritorious defense' criterion."  *Id.* (citing *Keegel v. Key West & Caribbean Trading Co., Inc*., 627 F.2d 372,

374 (D.C. Cir. 1980)).[6]  Accordingly, it found that an "assertion [in a Federal Communications Act lawsuit] that the subject . . . broadcasts were not shown at [Defendant's establishment]" was "at least an 'obtuse' showing of a meritorious defense. Thus, the 'absence of meritorious defense' criterion [was] lacking." *Id.* (citing *U.S. v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985)).

Here, Defendant has asserted the defense of qualified immunity.  "Under the Texas qualified immunity doctrine, attorneys are generally not liable to a third party for actions taken in connection with representing a client." *FinsServ Cas. Corp v. Settlement Funding, LLC*, 724 F.Supp.2d 662, 671 (S.D. Tex. 2010) (citations omitted). "So long as the attorney is engaged in the conduct at issue as part of the discharge of his duties in representing his client, that conduct is not independently actionable, even if frivolous or without merit." *Id.* (citations omitted).  Defendant has alleged that its conduct was part of discharging his role a counsel for BANA. (doc. 164-1 at 10.)  Accordingly, attorney qualified immunity would constitute a complete defense to Plaintiff's claims against Defendant.

## D.       Timeliness of Motion

Another factor often considered by courts is whether the party acted promptly to correct the

---

[6]  Some courts have identified a stricter standard for establishing a meritorious defense when considering to set aside a default, i.e., "a fair probability of success on the merits."  *See Heeling Sports Ltd. v. Paskey*, No. 3:07-CV-2123-B, 2008 WL 4566479, at *3 (N.D. Tex. Oct. 10, 2008) (citing *Federal Sav. and Loan Ins. Corp. v. Kroenke*, 858 F.2d 1067, 1069 (5th Cir. 1988) (using the "fair probability of success on the merits" standard in the Rule 60(b) context).  *See id.*  There appears to be a split in the Fifth Circuit regarding whether the standard for setting aside a default is less stringent than for a default judgment. *Compare CJC Holdings*, 979 F.2d at 63-64 n. 1 (suggesting without deciding that standards for setting aside entry of default and default judgment may be the same) *with United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985) (stating that "the standard for setting aside a default decree is less rigorous than setting aside a judgment for excusable neglect.").  Based on the rule that "one panel may not overrule the decision-right or wrong-of a prior panel, absent en banc reconsideration or a superseding contrary decision of the Supreme Court," *In re Dyke*, 943 F.2d 1435, 1442 (5th Cir. 1991), the earlier and less rigorous standard for setting aside a default is applied.  *See e.g., One Parcel*, 763 F.2d at 183.

default. *Effjohn*, 346 F.3d at 563.  Here, Defendant moved to set aside entry of default after being notified by another party about the case, and only seven business days after the Clerk entered the default. (doc. 164-1 at 2.)  Accordingly, this factor supports setting aside the default.

In conclusion, Defendant has shown good cause under Rule 55(c) and its motion to set aside the entry of default should be granted.[7]

## III.  MOTION FOR DEFAULT JUDGMENT

Plaintiff moves for default judgment against Defendant. (doc. 158.)

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989); *accord  Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curium).  Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id*.  Consequently, a default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger–Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam).  The decision to enter a judgment by default is within the Court's discretion. *Stelax Indus.,* 2004 WL 733844, at *11.[8]

---

[7]  Because it has been recommended that the default be set aside on these grounds, it is unnecessary to also consider Defendant's other arguments regarding lack of service of the amended complaints.

[8]  Courts consider numerous factors in deciding whether to grant a motion for default judgment. *Flores v. Koster*, No. 3:11-CV-0726-M-BH, 2013 WL 432908, at *2 (N.D. Tex. Jan. 2, 2013) (citing 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2685 (3d ed. 1998)). These factors include: (1) the amount of money involved; (2) whether there are material issues of fact or issues of substantial public importance at stake; (3) whether the default is technical in nature; (4) the extent of prejudice to the plaintiff due to the delay if the motion is denied; (5) whether the grounds for default are clearly established; (6) the harsh effect of a default judgment; (7) whether the default resulted from a good faith mistake or excusable neglect on the defendant's part; (8) whether the plaintiff's actions contributed to delay; and (9) whether the court  would be obligated to set aside the default on motion by the defendant.  *Id*.; *see also Stelax Indus., Ltd.*, 2004 WL 733844, at *11 (citing WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2685).

Plaintiff has not shown that Defendant was properly served, and it has been recommended that the entry of default be set aside. She has therefore not met her burden to show that she is entitled to a default judgment. *See* Fed. R. Civ. P. 4(c)(1). Furthermore, even if Defendant had not shown good cause to set aside the default, Plaintiff is not entitled to default judgment as a matter of right. *Lewis*, 236 F.3d at 767. In view of the potentially meritorious defense identified by Defendant, a decision on the merits is warranted. *Stelax Indus.,* 2004 WL 733844, at *11. Plaintiff's motion for default judgment should be denied.

## IV. MOTION TO DISMISS

Defendant also moves to dismiss Plaintiff's claims against it. (doc 164-1.)[9]

### A.   <u>Rule 12(b)(5)</u>

Defendant first moves to dismiss under Rule 12(b)(5) for insufficient service of process. (doc. 164-1 at 3.)

Rule 12(b)(5) "permits a challenge to the method of service attempted by the plaintiff" or to the lack of service. *See* Fed. R. Civ. P. 12(b)(5); *Tinsely v. Comm'r of I.R.S.*, No. 3:96-CV-1969-P, 1998 WL 59481, at *3 (N.D. Tex. Feb. 9, 1998). Unless the defendant has been served with process in accordance with Fed. R. Civ. P. 4, a federal court lacks personal jurisdiction over the defendant. *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104 (1987); *Pavlov v. Parsons*, 574 F. Supp. 393, 399 (S.D. Tex. 1983).

As discussed, Defendant was not served with process according to Rule 4. Rule 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made

---

[9] Defendant moved to dismiss before Plaintiff filed her second amended complaint, but its arguments apply equally to, and will be considered as directed at, the second amended complaint.

within a specified time." *Ayika*, 378 F. App'x at 434 (citing Fed. R. Civ. P. 4(m)). When the 120-day deadline has not expired, the court may dismiss the action without prejudice for insufficient service of process so the plaintiff may effect proper service. *Grant-Brooks v. Nationscredit Home Equity Services Corp.*, No. 3:01-CV-2327, 2002 WL 424566, at *5 (N.D. Tex. Mar. 15, 2002). Alternatively, the court has discretion to quash service and give the plaintiff an additional opportunity to properly effect service. *Chapman*, 2011 WL 2078641, at *1; *Shabazz v. Service Employees Int'l Union*, No. 3:04-CV-229-M, 2004 WL 1585808, at *2 (N.D. Tex. July 13, 2004) (citation omitted). "[W]hen the time to effect service has expired," however, "the party attempting service has the burden of demonstrating 'good cause' for failure to serve the opposing party." *Kreimerman v. Casa Veerkamp*, 22 F.3d 634, 645 (5th Cir. 1994) (citation omitted); *Craddock v. Halverson*, No. 7:04-CV-020-R, 2004 WL 2381715, at *1 (N.D. Tex. Oct. 22, 2004); *see also* Fed. R. Civ. P. 4(m).

Here, the 120-day deadline for serving process has long since expired, so Plaintiff must demonstrate "good cause" for her failure to properly serve process on Defendant. *See Kreimerman*, 22 F.3d at 645. As noted, Plaintiff argues that she "had no control, direction or instruction as to 'how' this Defendant was to be served", since service was effected by the USM. Rule 4 places the obligation to ensure proper service on her, however. Fed. R. Civ. P. 4(c); (*see also* doc. 11.) Moreover, Plaintiff has not requested additional time to properly serve Defendant, so dismissal without prejudice under Fed. R. Civ. P. 12(b)(5) is appropriate. *See Craddock*, 2004 WL 2381715, at *4. Nevertheless, because Defendant has also moved to dismiss her claims under Rule 12(b)(6), dismissal without prejudice for purposes of allowing Plaintiff to serve it properly is unnecessary. *See Grant-Brooks*, 2002 WL 424566 at *4 ("dismissal is not appropriate unless 'there is no

reasonably conceivable means of acquiring jurisdiction over the person of a defendant" (citing *Stanga v. McCormick Shipping Corp.*, 268 F.2d 544, 554 (5th Cir. 1959) (noting that dismissal is not appropriate where there has been only one attempt at service of process))).

## B.   <u>Rule 12(b)(6)</u>

Defendant moves to dismiss for failure to state a claim under Rule 12(b)(6) on grounds that Plaintiff's claims are barred by the doctrine of qualified immunity.  (doc. 164-1 at 9-10.)

### *1.   Standard*

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted.  *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981).  Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).  Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *Baker*, 75 F.3d at 196.  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted).  Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted).  When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

A court cannot look beyond the pleadings in deciding a 12(b)(6) motion.  *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196.  When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007).  "If . . . matters outside the pleading[s] are presented to and not excluded by the court," however, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).

"Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint.

13

*In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Likewise, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]."  *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs.*, 343 F.3d at 725.  It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."  *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).  Documents falling under these categories may be properly considered without converting the motion to dismiss into a motion for summary judgment.

Plaintiff has attached to the second amended complaint copies of what she contends are the note and deed of trust, notice of her mortgage transfer Mellon mailed her in April 2011, appointment of substitute trustee, MERS's assignment to Mellon, second appoint of substitute trustee, Countrywide's assignment to Deutsche Bank, letter from Recontrust in response to her QWR, letter from Defendant in response to her QWR, additional correspondence regarding the second lien, bankruptcy documents, letter and check from the National Mortgage Settlement fund, letter and check from a class action suit against Countrywide, and final eviction notice. (*See* docs. 171-1, 171-2.)  These documents are considered part of the pleadings.  *See Katrina Canal Breaches Litig.*, 495 F.3d at 205.  Because the documents attached to the complaint are considered part of the pleadings, conversion of Defendants' motion to dismiss into a motion for summary judgment is unnecessary. *See Norris*, 500 F.3d at 461 n. 9.

## 2.    *Qualified Immunity*

"Texas courts have long held that attorneys cannot be held civilly liable for damages to non-

clients, under any theory of recovery, for actions taken in connection with representing a client." *Reagan Nat'l Adver. of Austin, Inc. v. Hazen*, No. 03-05-699-CV, 2008 WL 2938823, at *2 (Tex. App.–Austin July 29, 2008, no pet.) (mem. op.); *accord Rojas v. Wells Fargo Bank, N.A.,* 571 F. App'x 274, 278 (5th Cir. 2014) (per curiam); *Van Hauen v. Wells Fargo Bank, N.A.*, No. 4:12-CV-344, 2012 WL 4092590, at *2 (E.D. Tex. Aug. 16, 2012)*, adopted by*, 2012 WL 4092516, at *1 (E.D. Tex. Sept. 17, 2012). The application of qualified immunity to attorneys is premised on the public's interest in "loyal, faithful and aggressive representation by the legal profession." *Bradt v. West*, 892 S.W.2d 56, 71 (Tex. App.–Houston [1st Dist.] 1994, writ denied) (quoting *Maynard v. Caballero*, 752 S.W.2d 719, 721 (Tex. App.–El Paso 1988, writ denied); *see Reagan Nat'l*, 2008 WL 2938823, at *2. This ensures that an attorney "has the right to interpose any defense or supposed defense and make use of any right [on] behalf of such client or clients as [he] deemed proper and necessary, without making himself subject to liability in damages" in fulfilling the duty to "zealously represent his clients within the bounds of the law." *Reagan Nat'l*, 2008 WL 2938823, at *2; *Bradt,* 892 S.W.2d at 71. The doctrine is focused "on the kind of conduct engaged in, not whether the conduct was meritorious in the context of the underlying suit." *Bradt,* 892 S.W.2d at 72. "[T]he dispositive question is whether the attorney's conduct was part of the discharge of his duties in representing a party in a lawsuit." *Taco Bell Corp. v. Cracken*, 939 F. Supp. 528, 532 (N.D.Tex. 1996). For example, "Representing a mortgage company and filing a foreclosure action against homeowners who have defaulted on their loan is clearly the kind of 'conduct an attorney engages in as part of the discharge of his duties in representing a party in a lawsuit.' " *Smith v. Nat'l City Mortg.*, No. A-09-cv-881 LY, 2010 WL 3338537, at *4 (W.D. Tex. Aug. 23, 2010) (quoting *Bradt,* 892 S.W.2d at 72).

Here, Plaintiff asserted several claims against Defendant, but she failed to allege any specific facts against it other than it was the law firm responding to her QWR on behalf of BANA.  All other references to Defendant are either conclusory or generally refer to all defendants as a single group, without identifying any specific conduct of Defendant.  Significantly, the second amended complaint alleges no facts suggesting that Defendant engaged in any activities outside of its representation of BANA.  Accordingly, the second amended complaint may be liberally construed as asserting claims against Defendant in its capacity as counsel for BANA. *Gipson v. Deutsche Bank Nat. Trust Co.*, No. 3:13–CV–4820–L, 2015 WL 2079514, at *6 (N.D. Tex. May 4, 2015).  Attorney qualified immunity applies, and absent an exception, Plaintiff's complaint fails to identify a claim upon which relief can be granted.

Although Plaintiff has not alleged any exception to attorney qualified immunity in her response to Defendant's motion to dismiss,[10] she alleged fraud in her second amended complaint, which is an exception to attorney qualified immunity.  She claims that Defendant committed fraud by sending her a "false" packet "with falsified mortgage documents that had bogus or no endorsements on Assignments of Mortgages and Notes." (doc. 171 at 10.)

"Texas courts have recognized an exception to the privilege when an attorney knowingly commits a fraudulent act outside the scope of his legal representation of a client." *Reagan Nat'l*, 2008 WL 2938823, at *3.  This type of action is foreign to the duties of an attorney, so an attorney cannot be shielded from liability simply by acting as an agent to a client. *Id.*  To invoke the fraud exception to attorney qualified immunity, a plaintiff must identify facts to support a plausible claim that the attorney provided fraudulent documents and that he knew that they were fraudulent. *See*

---

[10]   Plaintiff responded to Defendant's motion, but she never addressed its 12(b)(6) grounds or qualified immunity argument.

*Gipson*, 2015 WL 2079514, at *8 (noting that "[Plaintiff] has identified no facts to support a plausible claim that the documents were fraudulent. Without more, his conclusory allegations are insufficient to invoke the fraud exception to the attorney qualified immunity doctrine.").

Here, Plaintiff has not alleged that Defendant knew that the documents it sent her were fraudulent, and she has not alleged any facts to support such a finding. She has identified no valid exception to the doctrine of qualified immunity, and it therefore bars her claims against Defendant as a matter of law. Defendant's motion to dismiss Plaintiff's claims under Rule 12(b)(6) should be granted.[11]

### IV. OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07–CV–1975–D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00–CV–0863–D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96–CV–2923–D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend her complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09–CV–0041–D, 2010 WL 26459, at *1 (N.D.Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1. Nonetheless, courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to

---

[11] Defendant also argues that the amended complaint fails to state a claim against it because it is devoid of any factual allegations concerning Defendant, outside of responding on behalf of its client to a Qualified Written Request made by Plaintiff. (doc. 164-1 at 10.) Because Plaintiff's claims against Defendant are otherwise subject to dismissal, it is unnecessary to reach this argument.

respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir.1995).  Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff has amended her complaint twice since she filed this action on November 21, 2012, and she did not address Defendant's arguments under Rule 12(b)(6) in her response.  Because it appears that she has stated her best case against Defendant, no further opportunity to amend is warranted.

## V.  RECOMMENDATION

Plaintiff's motion for default judgment should be **DENIED**, and  Defendant's motions to set aside default and to dismiss should be **GRANTED**.  All of Plaintiff's claims against it should be dismissed with prejudice for failure to state a claim.

**SIGNED this 14th day of August, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

18

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE